UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWSON LEE,

    Plaintiff,

v.                                                               Case No. 8:23-cv-02049-AEP

MARTIN O'MALLEY,
Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI. (Tr. 79–80, 310–23). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration. (Tr. 81–124, 133–38, 143–58). Plaintiff then

---

[1] Martin O'Malley is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Martin O'Malley should be substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

requested an administrative hearing. (Tr. 160–161). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 46–78). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 10–22). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied. (Tr. 1–3). Plaintiff then timely filed a complaint with this Court. (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.   Factual Background and the ALJ's Decision

Plaintiff, who was born in 1964, claimed disability beginning April 8, 2020. (Tr. 791–80, 111). Plaintiff obtained a high school education and completed three years of college. (Tr. 351). Plaintiff's past relevant work experience included work as a school bus driver, taxi driver, and limousine driver. (Tr. 352). Plaintiff alleged disability due to stage four malignant b cell lymphoproliferative disorder. (Tr. 351).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through March 31, 2022, and had not engaged in substantial gainful activity since June 1, 2020, the alleged onset date. (Tr. 13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: Waldestron's macroglobulinemia/lymphoplasmacytic lymphoma and obesity. (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14).

The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform "medium work as defined in 20 CFR 404.1567(c) and 416.967(c) that does not require climbing ladders, ropes, or scaffolds and no more than occasional climbing ramps and stairs; no more than frequent crawling, crouching, kneeling, balancing, and stooping; no more than a moderate exposure to hazards." (Tr. 15). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence. (Tr. 16).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform past relevant work as a school bus driver. (Tr. 21). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 22).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A

"physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings,

no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by failing to comply with Social Security Ruling (SSR) 00-4P. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

Social Security Ruling 00-4P requires that when there is an apparent conflict between the testimony of the vocational expert and the information in the DOT, the ALJ must elicit a reasonable explanation for the conflict from the vocational expert and explain in his decision how the conflict is resolved. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Here, the vocational expert classified Plaintiff's past work

experience as a bus driver under the Dictionary of Occupational Titles (DOT) Code 914.463-014, which is actually the code for a streetcar operator. (Doc. 20, at 4). Plaintiff thus argues that the ALJ violated SSR 00-4P in failing to elicit testimony from the vocational expert to resolve the conflict between the vocational expert's determination of Plaintiff's work abilities and the description provided under the DOT. (Doc. 20, at 4).

In response, the Commissioner highlights that the DOT codes for a bus driver and a streetcar operator differ by only one digit. (Doc. 24, at 5). The Commissioner therefore argues that the reference to the wrong DOT code by the vocational expert, and subsequently the ALJ in his written opinion, was merely a clerical error which does not warrant remand. This Court is inclined to agree. (Doc. 24, at 6).

At hearing, the vocational expert correctly identified Plaintiff's past relevant work as a school bus driver and opined that an individual with the ALJ's assessed RFC could still preform this work. (Tr. 69). Though the vocational expert identified the position of school bus driver by the DOT code for a streetcar driver, his statements about the position, that it required "medium exertion" and a "level 4" specific vocational preparation (SVP), make clear that the ALJ was indeed referencing the DOT definition for a school bus driver and simply misspoke when listing the accompanying DOT code. (Tr. 69); *compare* U.S. Dep't of Labor, *Dictionary of Occupational Titles*, **No. 913.463-010**, 1991 WL 687823 (4th ed. 1991) (listing the position of school bus driver as requiring medium exertion and a level 4 SVP), *with* U.S. Dep't of Labor, *Dictionary of Occupational Titles*, **No. 913.463-014**,


1991 WL 687824 (4th ed. 1991) (listing the position of streetcar driver as requiring light exertion and a level 3 SVP). Thus, the ALJ's adoption of DOT code No. 913.463-014 in finding that Plaintiff could preform his past work as a school bus driver, a finding Plaintiff does not dispute, was harmless error. *See Hunter v. Comm'r of Soc. Sec.*, 609 Fed. App'x 555, 557 (11th Cir. 2015) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination." (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983))).

When presented with analogous situations, courts in this District and across the country have found that an ALJ accidentally citing the wrong DOT code is a simple mistake and not outcome determinative. *See generally Campbell v. Comm'r of Soc. Sec.*, No. 6:18-CV-2189-ORL-MAP, 2019 WL 6463983, at *5 (M.D. Fla. Dec. 2, 2019) (holding reversal was not warranted where the vocational expert mistakenly cited to the wrong DOT code in opining that an individual with the plaintiff's assessed RFC could preform the job of furniture rental clerk because the ALJ's decision was supported by substantial evidence); *Anderson v. Kijakazi*, No. 1:20-CV-865-JTA, 2022 WL 3650619, at *4 (M.D. Ala. Aug. 24, 2022) (finding only harmless error and declining to remand where ALJ referenced wrong DOT job number); *Bradley v. O'Malley*, No. 1:22-CV-01312-LSC, 2024 WL 665781, at *7 (N.D. Ala. Feb. 16, 2024) (finding that the ALJ committed a harmless scrivener's error in listing the DOT code for a hospital cleaner, 323.687-010, instead of a housekeeping cleaner, 323.687-014, when concluding that the plaintiff could

perform work as a housekeeping cleaner); *Bratcher v. Kijakazi*, No. 4:22-CV-206-MW/MJF, 2023 WL 319818, at *5 (N.D. Fla. Jan. 3, 2023), *report and recommendation adopted*, No. 4:22CV206-MW/MJF, 2023 WL 318461 (N.D. Fla. Jan. 19, 2023) (finding the fact that the vocational expert and ALJ potentially referred to the wrong DOT number did not alter the ALJ's conclusion that plaintiff could perform her past work); *Alie v. Berryhill*, No. 4:16-cv-1353-JMB, 2017 WL 2572287, n.11 (E.D. Mo. 2017) (finding the ALJ's citation to the wrong DOT code for laundry worker harmless because the mistake was not outcome determinative); *Barrett v. Colvin*, No. 14-8838 KES, 2015 WL 5796996, n.1 (C.D. Cal. 2015) (finding VE's reference to wrong DOT code by one digit "akin to a typographical error . . [which] does not affect the Court's analysis"); *Rutherford v. Astrue*, No. 3:10-cv-0376, 2011 WL 4014431, *19–20 (M.D. TN 2011) (finding the VE's citation to the DOT code for pricing clerk rather than court clerk harmless error where nothing in record indicated either the VE or ALJ thought a pricing clerk job appropriate for the plaintiff and where the VE identified a significant number of available jobs for the plaintiff in addition to the 900 pricing clerk positions).

Though Plaintiff cites to *Washington v. Comm'r. of Soc. Sec.*, in support of his position, the facts of that case are starkly different than the present matter. 906 F.3d 1353 (11th Cir. 2018). In *Washington*, the ALJ asked the vocational witness to identify jobs in the national economy the plaintiff could preform with his given RFC. *Id.* at 1366. In response, the vocational expert identified two such positions. *Id.* However, the DOT description for both positions clearly indicated that these

9

jobs required skills beyond what was assessed in the plaintiff's RFC, and the ALJ did not discuss this discrepancy in adopting the vocational expert's recommendation. *Id.* Thus, the Eleventh Circuit remanded the matter for failure to comply with SSR 00–4p. *Id.* Here, there is no such discrepancy between Plaintiff's assessed RFC and the DOT requirements for a school bus driver. Moreover, the inadvertently cited to DOT code, streetcar driver, actually had less stringent requirements. For the foregoing reasons, the Court finds the ALJ's determination is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of September 2024.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

10